UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THOMAS LEON MORGAN,**

        **Plaintiff,**

v.                                            **Case No:   6:14-cv-1037-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Thomas Leon Morgan (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits.  Doc. No. 1.[1]  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) exclusively relying on the Medical Vocational Guidelines (the "Grids") in determining that he is not disabled; and 2) finding his testimony concerning his pain and limitations not credible.  Doc. No. 20 at 9-12, 16-18.  Claimant requests that the matter be reversed for an award of benefits, or, in the alternative, remanded for further proceedings.  *Id*. at 24.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.  STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

---

[1] Claimant alleges a disability onset date of June 9, 2009.  R. 14.

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

This appeal centers on whether the ALJ erred by exclusively relying on the Grids in determining that Claimant is not disabled.  *See* Doc. No. 20 at 9-16.  At step five of sequential evaluation process, the ALJ uses the claimant's residual functional capacity ("RFC"), age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).[2]  The Commissioner bears the burden at step five to show the existence of such jobs.  *Id*. at 1241 n.1 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996)).  "There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to

---

[2] A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

other work in the national economy." *Phillips*, 357 F.3d at 1239.  First, the ALJ may apply the Grids, found in 20 C.F.R. part 404, subpart P, appendix 2.  *Id*. at 1239-40.  Second, the ALJ may consult a vocational expert ("VE") by posing hypothetical questions to the VE to establish whether someone with the claimant's impairments would be able to find employment.  *Id*. at 1240.

Exclusive reliance on the Grids is not appropriate when the "claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills."  *Phillips*, 357 F.3d at 1242 (internal quotations omitted).  When considering nonexertional impairments, the ALJ "need only determine whether [the] nonexertional impairments significantly limit . . . basic work skills," which includes a wide range of work at a given work level.  *Id*. at 1243.  If the ALJ determines that claimant's nonexertional limitations do not significantly limit basic work skills at the assigned work level, the ALJ may exclusively rely on the Grids to determine whether claimant is disabled.  *Id*.  However, if the ALJ determines that claimant's nonexertional limitations significantly limit basic work skills at the assigned work level, then the ALJ must consult a VE.  *Id*.

At step four of the sequential evaluation process, the ALJ determined that Claimant has the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [N]o climbing ladders or scaffolds.  The claimant can perform simple, routine, and repetitive tasks, with only occasional changes in the workplace, occasional interaction with coworkers, and no interaction with the public.

R. 18-19.[3] Based on this RFC, the ALJ determined that Claimant could not perform his past relevant work. R. 24. At step five of the sequential evaluation process, the ALJ exclusively relied on the Grids in determining that Claimant is not disabled, explaining:

> If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rules 202.10 and 202.17. However, the additional limitations have little or no effect on the occupational base of unskilled light work.

R. 25. Claimant argues that the ALJ was precluded from exclusively relying on the Grids because his nonexertional impairments significantly limit his basic work skills. Doc. No. 20 at 9-12. The Commissioner argues that the ALJ properly relied on the Grids because he made a "specific finding as to whether Plaintiff's nonexertional limitations were severe enough to affect the occupational base of unskilled light work" and substantial evidence supports his finding. *Id*. at 12-16.

The Court finds the ALJ erred by exclusively relying on the Grids in determining that Claimant is not disabled. All of the jobs listed in the Grids are unskilled. *Jordan v. Comm'r of Soc. Sec.*, 470 F. App'x 766, 770 (11th Cir. 2011) (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b)). Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. 404.1568(a). The ALJ's RFC determination includes nonexertional limitations not included in the definition of unskilled work, namely limitations to routine and repetitive tasks, occasional changes in the workplace, occasional interaction with coworkers, and no interaction with the public. *See, e.g.*, *Coffin v. Comm'r of Soc. Sec.*, Case No. 6:09-cv-2061-Orl-DAB, 2011 WL 806674, at *8-9 (M.D.

---

[3] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

Fla. Mar. 2, 2011) (finding limitation to routine and repetitive tasks not included in the definition of unskilled work) (citing *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 878 (11th Cir. 2006)). Several courts in this Circuit have concluded that these or similar limitations, in many cases, negatively impact a claimant's basic work skills. *See, e.g.*, *Porter v. Astrue*, 2012 WL 4497568, at *6-7 (S.D. Ala. Sept. 28, 2012); *Nelson v. Colvin*, 2014 WL 1334110, at *5-6 (S.D. Fla. Apr. 3, 2014). Given the potential impact of these impairments, the ALJ should have provided some explanation or analysis addressing the impact these limitations have on Claimant's basic work skills. *Coffin*, 2011 WL 806674, at *8-9 (remanding so ALJ could provide some explanation as to whether limitations to routine and repetitive tasks and in social functioning preclude a wide range of light work); *see also Owens v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 884 (11th Cir. 2013) (finding ALJ's statement that "additional limitations have little or no effect on the occupational base of unskilled medium work" lacks sufficient clarity to allow a reviewing court to determine the properly legal analysis was conducted). However, the ALJ summarily concluded that Claimant's "additional limitations have little or no effect on the occupational base of unskilled light work." R. 25. This conclusory finding is not supported by substantial evidence because the ALJ failed to provide any explanation or analysis as to why the additional limitations contained in the ALJ's RFC, which are not included in the definition of unskilled work, do not significantly limit Claimant's basic work skills. Accordingly, remand is necessary for the ALJ to provide some explanation or analysis as to whether limitations to routine and repetitive tasks, occasional changes in the workplace, occasional interaction with coworkers, and no interaction with the public would preclude a wide range of light work and, if so, to obtain testimony from a VE. *See, e.g.*, *Coffin*, 2011 WL 806674, at *8-9; *Sanders v. Colvin*, 2015 WL 3466122, at *5-7 (N.D. Fla. June 1, 2015).[4]

---

[4] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

The Court must next address Claimant's bald request that the case be remanded for an award of benefits. Doc. No. 20 at 24. Claimant devotes no portion of the joint brief to his request that the case be remanded for an award of benefits. *See* Doc. No. 20. Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of the joint brief. *Id.* at 24. Simply put, reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *see Walden*, 672 F.2d at 840. Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III.     CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Chester G. Senf
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801